**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| FEDERAL HOUSING FINANCE AGENCY, On its Own Behalf and as Conservator of Fannie Mae and Freddie Mac, | ) ) ) ) |
| Plaintiff, | ) |
| v. | ) ) |
| | ) Civil Action No.: 1:11-cv-08795 |
| CITY OF CHICAGO, a municipal corporation, | ) Hon. Joan H. Lefkow ) ) |
| Defendant. | ) ) ) |

## PLAINTIFF FHFA'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO CORRECT THE RECORD AND PRESENT NEW EVIDENCE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS ON THE BASIS OF RIPENESS

Federal Housing Finance Agency ("FHFA") has moved to correct and supplement the record for two reasons: (1) to correct a typographical error in a property address referenced in the declaration of Mahad Ali, previously attached as Exhibit B to FHFA's March 23, 2012 Memorandum in Support of Summary Judgment and Opposition to Motion to Dismiss; and (2) to provide evidence of payments made by mortgage servicers to the City of Chicago on behalf of Freddie Mac, in compliance with the Ordinance, since the time of Mr. Ali's declaration. It is in the interest of justice for the record before this Court to be accurate and complete when the Court decides the City of Chicago's (the "City") motion to dismiss and FHFA's motion for summary judgment. The City's opposition to FHFA's motion to correct and supplement the record in this simple fashion -- with evidence that the City does not dispute and in fact corroborates from its own records -- is puzzling.

The City provides no basis in fact or law for objecting to FHFA's request to correct and supplement the record. Although the City argues that FHFA's declarations "should be rejected as conclusory" because they "are unsupported by any type of documentary evidence," that is not the law: federal courts routinely permit parties to rely on "affidavits or declarations" rather than documentary evidence. *See*, *e.g.*, Fed. R. Civ. P. 56(c)(1)(A) ("[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including . . . affidavits or declarations").

Further, the City's argument that FHFA's request "should . . . be rejected because of FHFA's prior contention that there were no factual issues and that discovery was unnecessary" simply makes no sense. *See* City's Opp'n, ¶ 11. FHFA's declarations relate only to the ripeness issue that the City raised in its motion to dismiss, *see* City's Opening Br. at 5-9, and the City agreed that discovery was unnecessary prior to the Court's consideration of that motion. *See* Mar. 13, 2012 Hr'g Tr., at 4:10-4:18; 6:8-6:11, docket no. 42-1 (Mr. Dolesh) (proposing "an orderly process of let's work through the legal issues [in the motion to dismiss], then go to discovery . . ."); Def.'s Renewed Rule 56(d) Mot. for Disc., at 1, Apr. 23, 2012, docket no. 40 (seeking discovery *only* "with respect to the summary judgment motion").

FHFA does not object to the City's alternative request for permission to file the Declaration of Marlene Hopkins, attached as Exhibit A to the City's opposition brief. Indeed, the declarations submitted by both sides actually highlight the absence of any dispute as to material facts in this case. Ms. Hopkins' declaration "shows [that] neither FHFA, Freddie Mac, nor Fannie Mae have registered as the recorded mortgagee for the properties identified in FHFA's motion." City's Opp'n ¶ 9. FHFA's witnesses *agree* that Freddie Mac has not itself registered under the City's Ordinance, because Freddie Mac instead reimburses its servicers after

they register and pay the City's fees.  *See* Am. Decl. of Mahad Ali ¶¶ 2-5, docket no. 53-1; Decl.

of Joseph Moschetto ¶¶ 3-4, docket no. 53-2.  Further, Ms. Hopkins' declaration shows that

Wells Fargo registered a property at 119 W 110th Place, in Chicago, and paid the City $500 in

fees on October 28, 2011.  *See* Hopkins Decl. at Sched. A.  Similarly, the amended declaration of

Mr. Ali reflects that "[o]n October 28, 2011, one of Freddie Mac's servicers, Wells Fargo Home

Mortgage, paid the City of Chicago a $500 registration fee for a property securing a Freddie Mac

loan [at the same address] and has submitted the expense to Freddie Mac for reimbursement."

Am. Decl. of Mahad Ali ¶ 4.  There is no material conflict between the parties' declarations, and

no dispute that Registration Fees have been paid under the Ordinance on behalf of Freddie Mac

in conservatorship.

## CONCLUSION

For the foregoing reasons, the Court should grant FHFA's Motion for Leave to Correct

the Record and Present New Evidence in Opposition to Defendant's Motion to Dismiss on the

Basis of Ripeness.  In addition, FHFA does not oppose the City's request for leave to enter into

the record the Declaration of Marlene Hopkins.

Dated:  June 11, 2012

                                           Respectfully submitted,

                                           /s/ Robert J. Emanuel

                                           Attorneys for Plaintiff

                                           Anthony C. Valiulis
                                           Robert J. Emanuel
                                           MUCH SHELIST, P.C.
                                           191 N. Wacker Drive, Suite 1800
                                           Chicago, IL  60606
                                           Telephone: (312) 521-2000
                                           Email:  avaliulis@muchshelist.com
                                                     remanuel@muchshelist.com

                                           Howard N. Cayne *(Pro Hac Vice motion to be filed)*
                                           Asim Varma *(Admitted Pro Hac Vice)*
                                           David B. Bergman *(Admitted Pro Hac Vice)*
                                           ARNOLD & PORTER LLP
                                           555 Twelfth Street, NW,
                                           Washington, D.C.  20004
                                           Telephone: (202) 942-5000
                                           Email:  howard.cayne@aporter.com
                                                     asim.varma@aporter.com
                                                     david.bergman@aporter.com

## CERTIFICATE OF SERVICE

I, Robert J. Emanuel, an attorney, hereby certify that on June 11, 2012, I caused **Plaintiff FHFA's Reply in Support of its Motion for Leave to Correct the Record and Present New Evidence in Opposition to Defendant's Motion to Dismiss on the Basis of Ripeness** to be electronically filed with the Clerk of the United States District Court for the Northern District of Illinois using the CM/ECF system, which will send notification of such filing to the following individuals:

- **Michael J. Dolesh**

  mdolesh@cityofchicago.org

- **Thomas Forgue**

  tforgue@cityofchicago.org

- **David Arthur Graver**

  dgraver@cityofchicago.org

- **Grant Erwin Ullrich**

  grant.ullrich@cityofchicago.org


/s/ Robert J. Emanuel